# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | **JUDGMENT IN A CRIMINAL CASE** |
| § | |
| v. § | |
| § | Case Number: **3:19-CR-00593-JGC(1)** |
| **WILLIAM LEE CABLE** § | USM Number: **66971-060** |
| § | **Merle R. Dech, Jr.** |
| § | Defendant's Attorney |

The Defendant pleaded guilty to Count One (1) of the Indictment on 12/15/2020.

Accordingly, the Defendant is adjudicated guilty of the following offense(s):

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18: U.S.C 922(G)(1) and 924(A)(2) Felon In Possession Of A Firearm and Ammunition | 05/23/2019 | 1 |

The Defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the Defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the Defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 29, 2021**
Date of Imposition of Judgment

**s/ Judge James G. Carr**
Signature of Judge

**Judge James G. Carr, U.S. District Judge**
Name and Title of Judge

**March 30, 2021**
Date

DEFENDANT: WILLIAM LEE CABLE
CASE NUMBER: 3:19-CR-00593-JGC(1)

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **Thirty (30) Months as to Count One (1) of the Indictment.**

The Court makes the following recommendations to the Bureau of Prisons:

1. The Defendant be designated to FCI Milan located in Milan, Michigan, or as close to Northwest Ohio as possible.

The Defendant is remanded to the custody of the United States Marshal.

.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

United States Marshal

By
Deputy United States Marshal

DEFENDANT: WILLIAM LEE CABLE
CASE NUMBER: 3:19-CR-00593-JGC(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be placed on supervised release for a term of: **Three (3) years as to Count One.**

While on supervision, the Defendant must comply with the Mandatory and Standard Conditions that have been adopted by this Court, as well as with any other conditions on the attached pages.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance.

    ☒ You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. *(applicable if checked)*

    ☐ Based on the Court's determination that you pose a low risk of future substance abuse, the above drug testing condition is suspended. *(applicable if checked)*

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(applicable if checked)*

5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(applicable if checked)*

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(applicable if checked)*

7. ☐ You must participate in an approved program for domestic violence. *(applicable if checked)*

# STANDARD CONDITIONS

These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the Court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

DEFENDANT: WILLIAM LEE CABLE
CASE NUMBER: 3:19-CR-00593-JGC(1)

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: WILLIAM LEE CABLE
CASE NUMBER: 3:19-CR-00593-JGC(1)

# SPECIAL CONDITIONS OF SUPERVISION

**Financial Disclosure**
You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

**No New Debt/Credit**
You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

**Substance Abuse Treatment and Testing**
The defendant shall participate in an approved program of substance abuse testing and/or outpatient or inpatient substance abuse treatment as directed by their supervising officer; and abide by the rules of the treatment program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing.

**Mental Health Treatment**
You must undergo a mental health evaluation and/or participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

**Search / Seizure**
You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**Mental Health Medications**
You must take all mental health medications that are prescribed by your treating physician.

**Support Dependents**
You must meet any legal obligation to support or make payment toward the support of any person, including any dependent child, the co-parent or caretaker of a dependent child, or a spouse or former spouse.

## U.S. Probation Office Use Only
A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT:         WILLIAM LEE CABLE
CASE NUMBER:       3:19-CR-00593-JGC(1)

# CRIMINAL MONETARY PENALTIES

The Defendant must pay the total criminal monetary penalties:

|  | **Assessment** *$100 per each Count of conviction* | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $.00 | $.00 | Not Applicable | Not Applicable |

# SCHEDULE OF PAYMENTS

The Defendant shall pay to the United States a special assessment of $100.00 (one-hundred dollars), which shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court, 1716 Spielbusch Avenue, Room 114, Toledo, Ohio 43604.

The Court determines that the Defendant does not have the ability to pay a fine and the Court waives the imposition of a fine in this case.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22

# FORFEITURE

The Defendant shall forfeit the Defendant's interest in the following property to the United States.
**Taurus model PT111 Millennium, 9 mm pistol, serial number TJS12202 and 9 rounds of 9mm ammunition.**